WALTER M. ELSWICK, Judge.
Claimant, Jacob F. Bennett, was permanently injured by a dynamite explosion while working for the state road commission in Nicholas county, West Virginia, on March 20, 1934. A hole fourteen feet deep had been drilled on the day before the accident. The claimant was assisting one Walter Hum-phries in loading the hole with dynamite. They began loading about two o’clock in the afternoon, and had placed about fifty sticks of dynamite in the hole. The hole was about half full of water and from all the evidence it would appear that it was not a hot hole. Neither does it appear that there could have been a live spark. The explosion went off without warning, and the only conclusion that can be drawn from the evidence is that the last stick of dynamite dropped in the hole *109 happened to have a cap in it. From the evidence it appears that the claimant was using a mixed case of dynamite. They were using “forty” dynamite, and while loading the particular hole claimant found a “sixty” stick of dynamite and laid it on the bank above the hole. A battery was used to set off the blast. It would appear that claimant had had considerable experience in handling dynamite and that he was not in any way at fault. From the report of the then county road supervisor it appears that claimant was receiving 55 cents per hour, although claimant testified that he believed that he was receiving either 73 or 83 cents per hour. At the time of the explosion he was forty-eight years of age, married, and the father of five children, whose ages are from twenty to twenty-seven.
Claimant received as a result of said explosion the following injuries: Abrasions of the left side of his face and eye, conjunctiva hemorrhaged, abrasions of the left arm and right leg; midway between the ankle and knee a cut about one and one-half inches long exposing the bone; abrasion of the left thigh. Both eardrums, were perforated,. the left ear entirely gone. He suffered with constant headaches and vertigo when in a recumbent position. He was discharged from the Mountain State hospital on March 28, 1934, but upon being readmitted to the hospital June 9, 1934, showed no improvement in his condition. He still had considerable blankness of mind at times. Examination showed a very well developed but undernourished adult. There was then a groove of the right frontal region of the forehead, suggesting a fracture. On October 1, 1934 he was readmitted to the hospital with complaint of burning sensation in his forehead, dull headache in back of head and numbness of legs below the knee. At this time the attending physicians were of the opinion that claimant had a post-traumatic concussion of the brain resulting from the dynamite explosion which is very similar to shell shock.
From the certification of Dr. Eugene S. Brown, the attending physician of claimant, under date of December 28, 1942, *110 it appears that he has been attending the claimant for the past several years for the disability resulting from the said dynamite explosion. He says that he does not attempt to enumerate the various technical descriptions of various symptoms, but that they remain unchanged so far as he has been able to determine; namely extreme nervousness, inability to remember, plan, manage or in any measure take care of himself or manage his affairs; hearing and eyesight both very poor and a general muscular atrophy and malnutrition of system generally which is apparently a result of permanent nervous system damage.
By the general appropriations act of the Legislature of 1935 appropriations were made as follows: “To pay claim of Jake Bennett, employee injured while in employ of state road commission:
For remainder of year ending June 30, 1935, including hospital .. $1,137.00
For year ending June 30, 1936 _ 642.00
For year ending June 30, 1937.:_ 312.00
Total -.-....$2,091.00”
By general appropriations act of the Legislature of 1937 an appropriation was made, to be paid from the state road fund, of $1416.02, to Jacob F. Bennett for claim resulting in his personal injury. By general appropriations act of 1939 the sum of $1248.00 was appropriated to Jacob F. Bennett. The same amount was appropriated to him by general appropriations act of 1941. Each of the foregoing appropriations were made for the then ensuing bieniums; that is to say, for the period of time from the fiscal year of the date of each act, until the end of the fiscal year preceding each session of the Legislature.
From the evidence in this case it appears that the claimant was without fault and no negligence is attributed to him. It does appear that he had been furnished a mixed case of dyna *111 mite and! that by all probability it contained a stick of dynamite containing- an explosiva cap. It appears that it was a case of such nature as to have justified an award, by reason of carelessness or negligence of his superiors.
The state road commission was not a subscriber to the workmen’s compensation fund at the time claimant was injured. It has been the apparent policy of the Legislature to award compensation to claimant in the nature of payments similar to those payable by the workmen’s compensation commission. The claimant in this case has expressed his desire to receive compensation in this manner rather than to receive a lump sum award. His reason for this is prompted by his inability to attend to any business affairs due to deranged mental condition caused by the explosion.
Claim is filed for $1248.00 in the nature of compensation for disability for the biennium of 1943-1945.
In view of the evidence in this case, the apparent policy and intent of the Legislature, and the expressed desire of claimant to have compensation paid in such manner as heretofore paid, we recommend an award of twelve hundred and forty-eight dollars ($1248.00), payable to the claimant monthly, at the rate of $52.00 per month, for the ensuing biennium of 1943 and 1945.